U.S. DISTRICT COURT
SAVANNAH DIV.
2012 MAY 22 PM 3: 48
CLERK _A. moore_
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WATSON DIXON, JR. | ) | INDICTMENT NO. CR400-00318-001 |

## ORDER

On April 4, 2012, the Court entered an Order denying Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). The Court found that Defendant was not eligible for a sentence reduction due to his career offender status.

On May 2, 2012, Defendant filed a Motion for Reconsideration, with an explanation that said Motion was not filed timely due to his recent transfer to a new facility and delay in receiving his mail.

Defendant concedes that he was found to be a career offender at sentencing in 2001; however, he asserts that the Rule 35 sentence reduction he received in 2005 removed him from career offender status, thereby rendering him eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The Court disagrees.

Pursuant to the Commentary to U.S.S.G. § 1B1.10, "Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined *before* consideration of any departure provision in the Guidelines Manual or any variance)" (emphasis added). The Commentary

goes on to state that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if. . .an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision."

In Defendant's case, the amendment to U.S.S.G. § 2D1.1 does not have the effect of lowering Defendant's applicable guideline range, because the guidelines that apply to him as a career offender are higher than the otherwise applicable guidelines. Contrary to Defendant's assertion, the Rule 35 sentence reduction he received in no way alters this fact; instead, the Rule 35 sentence reduction would only be a consideration if the amendment to U.S.S.G. § 2D1.1 *had* actually lowered Defendant's applicable guideline range.

Based on the foregoing, Defendant's Motion for Reconsideration is **DENIED**.

**SO ORDERED**, this 22 day of May, 2012.

B. Avant Edenfield
United States District Judge
For the Southern District of Georgia